IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH J. DWYER, | ) |
| | ) |
| Plaintiff, | ) Case No. 03 C 1118 |
| | ) |
| v. | ) Judge Blanche M. Manning |
| | ) |
| SHATKIN, ARBOR, KARLOV & CO., | ) |
| ERISA PLAN NO. 502, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Currently before the court is defendant's motion in limine for a determination of the standard of judicial review as well as plaintiff's motion for reconsideration of a December 1, 2003 order by this court. For the reasons stated herein, defendant's motion requesting that this court rule that the appropriate standard of judicial review is arbitrary and capricious is granted and Dwyer's motion for reconsideration is denied.

## I. PROCEDURAL HISTORY

Plaintiff Joseph J. Dwyer ("Dwyer") filed a First Amended Complaint ("FAC") pursuant to diversity jurisdiction alleging four Illinois state law claims premised on his entitlement to disability benefits under an insurance policy issued by the (now dismissed) defendants, Unum Life Insurance Company and UnumProvident Corporation (collectively "Unum"). Unum filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the exclusive means by which Dwyer could bring this action was under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and therefore, Dwyer's state law claims were preempted. This court agreed and dismissed the FAC. Dwyer

filed a Second Amended Complaint under ERISA, again naming Unum as a defendant. Unum filed a motion to dismiss the SAC on the ground that it was not a proper party. Specifically, defendant argued that controlling precedent provided that only the Plan is the proper defendant under ERISA. Rather than responding to the motion to dismiss, Dwyer requested leave to file a Third Amended Complaint ("TAC") seeking declaratory, injunctive and other relief against the defendant-Plan to prevent the discontinuance of disability payments, and for damages under ERISA.

During the discovery phase of the litigation as to the TAC, the applicable standard of judicial review of the decision by the Plan administrator became an issue. Accordingly, defendant filed a motion in limine for a determination of the standard of judicial review, which is currently pending before this court. In addition to responding to defendant's motion in limine, Dwyer filed, in the same document, a motion for reconsideration of this court's December 1, 2003 order dismissing Dwyer's FAC on the ground that the state law claims were preempted under ERISA. For the following reasons, the court finds that the appropriate standard of judicial review is arbitrary and capricious and declines to revisit its December 1, 2003 order.

## II. DISCUSSION

### A. *Dwyer's motion for reconsideration*

Dwyer asks this court to reconsider its decision of over a year ago that his state law claims were preempted by ERISA. Since that ruling on December 1, 2003, Dwyer has filed *two* complaints, including the currently pending TAC, alleging claims only under ERISA and not state law. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d

632, 638 n.1 (7th Cir. 2004). Given that Dwyer's FAC, which alleged state law claims, is void, there are no currently-pending state law claims, and the only relief Dwyer currently seeks is under ERISA, this court has no reason to reconsider its December 1, 2003 ruling.

In any event, Defendant's motion to reconsider fails on the merits. A motion for reconsideration will be granted where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990)(citation omitted).

In its December 1, 2003 order, this court concluded that Dwyer was a participant and beneficiary for purposes of ERISA. Dwyer refers to this court's December 1, 2003 ruling as "wrong" and "erroneous" and improperly attempts to reargue the issues. Dwyer's only citation that could be construed as "new law" is a 2004 Supreme Court decision, *Yates v. Hendon*, 541 U.S. 1 (2004), in which the Supreme Court found that a "working owner" of a business qualified as a "participant" in a retirement plan under ERISA. Dwyer admits that the *Yates* court made no holding as to the definition of a beneficiary. Dwyer instead argues that because the Solicitor General argued in its *brief* in *Yates* that a broad definition of beneficiary was incorrect and overly expansive, this court should follow that reasoning as representing the interpretation of the ERISA statute by the Department of Labor.

This argument was already rejected by another district court in the Northern District of Illinois on a motion for reconsideration:

> Though the Court in *Yates* focused on the definition of a participant under ERISA and did not specifically address the meaning of beneficiary, [plaintiff] nevertheless argues that the case is relevant here. . . . According to [plaintiff], the Solicitor General, on behalf of the Labor Department, "declined to support an expansive approach to beneficiaries" and recognized a need to define a logical stopping point under ERISA. While this is generally true, the Solicitor General's brief in *Yates* does not in fact provide a definitive answer to the question of who may be a beneficiary under ERISA. . . . In sum, nothing in *Yates* persuades this court to reconsider its determination that [plaintiff] is a beneficiary within the meaning of ERISA.

*Shyman v. Unum Life Ins. Co. of America.*, No.01 C 7366, (N.D. Ill. April 28, 2004) (unpublished order) (*Shyman II)*.[1] This court agrees with the *Shyman II* court.

Dwyer also cites to a Massachusetts Supreme Court case, *Ritter v. Mass. Casualty*, 786 N.E.2d 817 (Mass. 2003), in which the court addressed state law claims made by a small company's president regarding the defendant's denial of benefits. The court determined that the plaintiff was not a "participant" or "beneficiary" under ERISA, and thus, her state law claims were not preempted by ERISA. However, this court finds the reasoning in *Ritter* unpersuasive because it is based on the incorrect interpretation of the definition of "beneficiary" under ERISA. See *Shyman v. Unum Life Ins. Co. of America*, No. 01 C 7366, 2004 WL 609280, at *6-7 (N.D. Ill. March 25, 2004) (*"Shyman I"*) (noting that the reasoning in *Ritter* was based on a "faulty premise"); *Ruttenberg v. United States Life Ins. Co.*, No. 01 C 8200, 2004 WL 421989, at *7 (N.D. Ill. February 19, 2004) (noting that *Ritter* is against the weight of authority and rejecting plaintiff's reliance on it as to the definition of a beneficiary under ERISA); *Cheng v. Unum Life Ins. Co. of America*, 291 F. Supp. 2d 717, 719 (N.D. Ill. 2003) (noting that *Ritter* did not alter the

---

[1]It is worth noting that the plaintiff in *Shyman I* and *Shyman II*, like Dwyer, also was a trader affiliated with Shatkin, Arbor, and, according to Shatkin, Arbor, was covered by the same disability policy at issue in this case.

court's conclusion that the case was governed by ERISA). This court finds no basis on which to disagree with these well-reasoned opinions. Therefore, Dwyer's motion for reconsideration is denied.

    B.  *Defendant's motion for determination of judicial review*.

  In its motion, defendant contends that the arbitrary and capricious standard of review applies to this court's review of the Plan administrator's benefit determination. On the other hand, Dwyer argues that the proper standard of review is *de novo*. For the reasons stated below, this court agrees with defendant that this court should review the Plan administrator's benefit decision for an abuse of discretion (i.e., using the arbitrary and capricious standard).

  Under ERISA, judicial review of the administrator's benefit determination is *de novo* unless the plan grants discretionary authority to the administrator. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "The arbitrary and capricious standard applies only to judicial review of ERISA benefit determinations if the policy clearly expresses that the plan administrator has discretion to grant or deny claims for benefits." *Shyman I*, 2004 WL 609280 at *7 (citing *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000)).

  In analyzing the exact policy at issue in this case, the *Shyman I* court, *id.*, determined that the following language in the "Certificate Section" of the Group Policy allowed for the more deferential standard of review:

> When making a benefit determination under the Policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the Policy.

  In addition, this court notes that the Summary Plan Description issued to Dwyer also contained a Certificate page with the exact same language. This court agrees with the *Shyman*

court and finds such language clearly expresses that the plan administrator has discretion in granting or denying claims for benefits. *See id.* at 7-8.

Dwyer makes several arguments as to why the *de novo* standard is applicable–none of these reasons, however, cause the court to alter its determination on the standard of review. Dwyer first cites to *Bolden v. Unum Life Ins. Co.*, 02 C 6701, 2003 WL 921764 (N.D. Ill. March 6, 2003), in which the court concluded that a *de novo* standard of review was applicable. As noted by defendants, however, *Bolden* is distinguishable. In *Bolden*, the Certificate page of the summary plan description stated that Unum had "discretionary authority" to determine eligibility for benefits. However, the policy itself stated that an employee is disabled when "Unum determines" he is disabled, language which is inadequate to confer discretionary authority. *Id.* at *3 (citing *Herzberger*, 205 F.3d at 330). The *Bolden* court noted that the Certificate page of the summary plan description provided that the policy language, which was insufficient to confer discretionary authority, trumped inconsistent Certificate language. Thus, the court found that the *de novo* standard applied. *Id.* at *3. Here, however, no such inconsistency or lack of clarity exists. Thus, *Bolden* is inapplicable.[2]

Dwyer next argues that Unum's failure to follow its own appellate deadlines disqualifies Unum from using a discretionary standard of review. Specifically, Dwyer contends that because Unum took over 120 days[3] to issue its appellate decision to Dwyer, it forfeited its right to receive

---

[2]The court also is not persuaded by Dwyer's argument that the policy itself does not contain discretionary language given that the policy specifically incorporates the certificate of coverage, which does contain discretionary language.

[3]The Department of Labor has since amended its regulations to require the administrator to decide appeals within 90 days. 29 C.F.R. §2560.503-1(i)(3)(i). This amendment applies to claims submitted on or after January 1, 2002; however, Dwyer submitted his claim on June 19,

6

a deferential standard of review. *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan*, 349 F.3d 1098 (9th Cir. 2003); *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 631-32 (10th Cir. 2003) (failure to conduct a timely appeal resulted in a loss of discretion that the plan otherwise would have had); *Seman v. FMC Corp. Retirement Plan for Hourly Employees*, 334 F.3d 728, 733 (8th Cir. 2003) (same).

As noted by defendants, both of the courts in *Jebian* and *Gilbertson* stated that a delay in an administrative decision does not require *de novo* review where the delay occurs "in the context of an ongoing, good faith exchange of information between the administrator and the claimant." *Jebian*, 349 F.3d at 1107 (quoting *Gilbertson*, 328 F.3d at 635). Here, a timeline provided by defendants and the supporting documents (attached as Exh. B to defendant's reply) indicate that an exchange of information was occurring consistently throughout the period of Dwyer's appeal.

For instance, on November 5, 2002, Dwyer's counsel submitted to Unum numerous questions he had about Unum's vocational analysis. Unum responded to these questions, through its vocational consultant, on December 6, 2002. Further, the Plan had requested payroll information from Dwyer on October 22, 2002, but Dwyer did not provide these records to Unum until late January 2003, after the 120-day period had ended on January 6, 2003. These are only two examples of the ongoing dialogue between Dwyer and Unum. The timeline and supporting documents demonstrate that the Plan responded to Dwyer's inquiries and that Dwyer and the Plan were engaged in a good-faith exchange of information from the date of the appeal of September 16, 2002 to the final decision date of March 31, 2003. Accordingly, this court finds

---

2000; thus the parties agree that 120-day appellate review period applies to Dwyer.

that defendant has not forfeited its right to deferential review.

Finally, Dwyer argues that the Illinois Department of Insurance ("IDI") has taken the position that discretionary clauses are illegal. Dwyer notes that in a letter dated March 10, 2004 to Dwyer's counsel, the Chief Counsel of the IDI stated that:

> [T]he Department does not approve policy filings containing discretionary language. Moreover, the Department has also taken the position that the prohibition may not be circumvented by including the discretionary language in a subsidiary document such as the summary plan description. In both cases, the provisions violated Section 143 of the Illinois Insurance Code, in that they unreasonably or deceptively affect the risk purported to be assumed under the policy.

Dwyer contends that this March Illinois Insurance Letter is not preempted by ERISA due to the ERISA savings clause, 29 U.S.C. §1144(b)(2)(A) ("Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."), which saves from preemption any state law regulating insurance. Dwyer asserts that under the savings clause, "the definition of laws is expansive and includes 'all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.'" 29 U.S.C. §1144(c)(1). Thus, Dwyer concludes that the opinion expressed in this letter is "law" under this definition which is not preempted by ERISA.

However, this court is not bound by what appears to be an advisory opinion of the IDI. *See, e.g., Kirk v. Financial Sec. Life Ins. Co.*, 389 N.E.2d 144, 148 (Ill. 1978) (noting that the IDI's approval of an insurance provision was not binding on a court but was persuasive authority as to the state's public policy). Moreover, the letter states that discretionary provisions violate 215 ILCS 5/143. This section of the Illinois Insurance Code states that the form and content of all policies for life, accident and health insurance are required to be filed with and approved by

8

the Director of the IDI. 215 ILCS 5/143(1). It further provides that

> [i[t shall be the duty of the Director to withhold approval of any such policy, . . . , if it contains provisions which encourage misrepresentations or are unjust, unfair, inequitable, ambiguous, misleading, inconsistent, deceptive, contrary to law or the public policy of this State, or contains exceptions or conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy.

Section 143 does not expressly prohibit discretionary clauses and the IDI letter does not point to any state statute, rule or regulation that expressly provides that discretionary clauses are illegal. Further, Dwyer does not assert that the policy at issue, which contains a discretionary clause, was not properly submitted to the Illinois Department of Insurance or that the IDI has withheld approval of the policies at issue in this case, which is the relief provided by section 143. Accordingly, given that Dwyer has pointed to no provision expressly prohibiting discretionary clauses in Illinois and the IDI has not withheld or withdrawn approval of the policies as allowed under section 143, the March 2004 letter from the IDI is not a basis on which to invalidate the discretionary clauses in this case.

Nor is this court persuaded by Dwyer's reference to a similar letter issued on February 26, 2004 from the California Department of Insurance ("CDI"). In the February California letter, the General Counsel of the CDI stated that "[b]ecause the discretionary clause effectively negates operative terms of the contract, the contract becomes unintelligible, uncertain, ambiguous, abstruse and likely to mislead the insured, in violation of § 10291.5(b)(1)." The General Counsel went on to say that under the California Insurance Code 10291.5(b)(13), "a disability insurance contract may not be approved 'if it fails to conform in any respect with any law of this state.'"

Dwyer points out that a judge in the Northern District of California found that ERISA did

9

not preempt § 10291.5 pursuant to the savings clause and thus held that section invalidated the discretionary review in the disability insurance case pending before her and required *de novo* review of the administrator's determinations. *See Fenberg v. Cowden Automotive Long Term Disability Plan*, No. C 03-03898 SI, (N.D. Cal. Nov. 2, 2004) (unpublished order).[4] The *Fenberg* court relied on the Supreme Court's recent decision in *Kentucky Ass' n of Health Plans v. Miller*, 538 U.S. 329, 341-42 (2003). In *Kentucky Ass'n*, the Supreme Court held that a state regulates insurance under the savings clause if the state law is specifically directed toward entities engaged in insurance, and substantially affects the risk pooling arrangement between the insurer and the insured. *Id.* The *Fenberg* court found that the first prong of *Kentucky Ass'n* was met because § 10291.5 was directed toward insurance companies because it "regulated the operations of insurance companies and their contractual agreements with customers." The *Fenberg* court then found that the law also satisfied the second prong of *Kentucky Ass'n* because it substantially affected the risk pooling arrangement between the insurer and the insured. According to the *Fenberg* court, "[b]y preventing discretionary clauses [not expressly but pursuant to the opinion letter from the California Department of Insurance], Section 10291.5 shifts the risk pooling arrangement in favor of the insured because the insurer can no longer review its own decisions of the payments of benefits." The court concluded that the letter justified invalidating the discretionary review clause.

As an initial matter, the *Fenberg* case is inapposite because it addressed whether the

---

[4]The court notes that the California court based its decision, in part, on the "thoroughness of the discussion of discretionary clauses." However, no such thorough discussion is evident in the March 2004 letter from the Illinois Department of Insurance, which consists of one paragraph and contains no analysis whatsoever.

10

specific *statutory provision* which was cited in the CDI letter was preempted by ERISA. In the instant case, however, Dwyer contends that the IDI *letter itself* (and not the statute cited in the letter) is not preempted under the savings clause because it is a state "law" regulating insurance. The court has already rejected this argument.

Second, the decision in *Fenberg* is an outlier. At least four California district courts have considered the effect of the same letter from the CDI and each one has concluded that the CDI letter did not void the use of the discretionary clause. *Horn v. Provident Life & Accident Ins.*, No. C 04-0589 MHP, 2004 WL 2862332 (N.D. Cal. Dec. 13. 2004) (finding that the legal conclusion in the CDI letter was incorrect and rejecting *Fenberg*'s reliance on the letter); *Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F. Supp. 2d 1040 (N.D. Cal. 2004) ("the DOI's opinion letter does not serve as a basis for . . . subjecting defendant's termination decision to *de novo* review"); *Hansen v. Unum Life Ins. Co. of America*, CIV S-03-1230 FCD PAN (N.D. Cal. Oct. 21, 2004) (unpublished order) (contrary to *Fenberg*, concluding that California Insurance Code provision was not saved from preemption by ERISA and discretionary review standard was not invalidated); *Cook v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 03-6283 MMM (Shx) (C.D. Cal. September 24, 2004) (unpublished order) (rejecting argument that CDI opinion letter required invalidating discretionary review).[5] Thus, this court does not find the *Fenberg* decision persuasive.

---

[5]Defendant has attached a slip opinion in *Cook v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 03-6283 MMM (Shx) (C.D. Cal. September 24, 2004), entitled "Tentative Order re Defendant's Motion for Partial Summary Judgment on the Standard of Review." The court in *Cook* also concluded that the letter from the CDI was not dispositive and did not require a finding that the discretionary clause at issue in that case was invalid. However, this court notes for purposes of thoroughness that the order attached by defendant is not signed, the court was not able to locate a copy on Westlaw, and it is entitled "Tentative."

## III. CONCLUSION

For the foregoing reasons, Dwyer's motion for reconsideration [48-1] is denied. Defendant's motion for a determination that the applicable standard of review is arbitrary and capricious [45-1] is granted.

**DATE:** _____
**Blanche M. Manning**
**United States District Judge**